**K&L GATES LLP**
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, California 90067
Telephone: 310.552.5000
Facsimile: 310.552.5001

Christopher J. Kondon (SBN 172339)
christopher.kondon@klgates.com
Saman M. Rejali (SBN 274517)
saman.rejali@klgates.com
Vannie Karapetian (SBN 324274)
vannie.karapetian@klgates.com

Attorneys LABORATORY CORPORATION OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DINA RODRIGUEZ, an individual,

Plaintiff,

vs.

LABORATORY CORPORATION OF AMERICA, a Delaware corporation and DOES 1 through 20 inclusive,

Defendants.

Case No.: 2:21-cv-00399-MWF-JC

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY**

Assigned to the Hon. Michael Fitzgerald, Courtroom 5A

Date: November 28, 2022
Time: 10:00 a.m.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

After this Court's ruling on Defendant's motion for summary judgment, which eliminated Plaintiff's claim for punitive damages and entitlement to attorneys' fees, Plaintiff has now discovered a significant weakness in her case: her failure to develop and support her claim for emotional distress damages, now her only means of recovery beyond lost wages and benefits. Despite the parties' lengthy discovery process and the fact that discovery has been closed for months, Plaintiff now seeks to reopen discovery to depose seven individuals about Plaintiff's claims of emotional distress.

Plaintiff does not explain why she was unable to depose these individuals when discovery was open. Plaintiff should have realized that she needed discovery related to her emotional distress claims when she filed her lawsuit, and her error is incompatible with a finding of diligence. Moreover, Defendant would be prejudiced if new information were introduced at this late stage. Defendant would likely have to conduct new discovery itself and change its strategy for trial, which would cause further delays in this already prolonged case. Finally, Plaintiff failed to identify these individuals as potential witnesses in violation of her duty under Rule 26 of the Federal Rules of Civil Procedure, and did not identify them in response to Defendant's written discovery, depriving Defendant of the opportunity to depose them before the discovery cutoff. Plaintiff has not exhibited diligence or good cause, and her failure to understand or comply with this Court's rules and orders is not a justification for seeking to alter the landscape of this case at this late juncture. For these reasons, Plaintiff's request to reopen discovery should be denied.

## II. STATEMENT OF FACTS

The Court initially set the discovery cut-off deadline in this matter for November 12, 2021. (Dkt. 13). That deadline was continued four times. On May 13, 2022, the Court continued the non-expert discovery deadline for the fourth and final

time for a limited purpose,[1] and set the deadline for June 3, 2022. (Dkt. 37). The last day to hear motions was set for July 11, 2022. (*Id.*).

Since Plaintiff filed her Second Amended Complaint ("SAC") nearly a year and a half ago, Plaintiff has pursued claims against Defendant for retaliation and wrongful termination in violation of public policy. (*See generally* SAC, Dkt. 19). In the SAC, Plaintiff alleged that she suffered from "emotional and mental distress and aggravation." (SAC ¶ 51). However, Plaintiff did not name any witnesses who might have information about Plaintiff's emotional distress damages in her initial disclosures, nor did Plaintiff ever provide information about her emotional distress damages during discovery.

On June 13, 2022, Defendant moved for summary judgment on each of Plaintiff's claims, arguing that the claims failed as a matter of law and that Plaintiff was not entitled to punitive damages as a matter of law. (*See generally* Dkt. 39). On August 25, 2022, the Court granted Defendant's motion as to one of the retaliation claims (the only claim with a statutory right to attorneys' fees) and as to Plaintiff's claim for punitive damages. (Dkt. 48). Thus, the only claims remaining are for retaliation in violation of California Labor Code section 6310 and for wrongful termination in violation of public policy.

The day after this Court's ruling, no doubt realizing that the possibility of a large verdict had been undercut by the loss of her claim for attorneys' fees and punitive damages, Plaintiff's counsel emailed counsel for Defendant and identified, for the first time, seven witnesses who would be "testifying regarding Plaintiff's damages," presumably at trial. (Declaration of Vannie Karapetian ("Karapetian Decl.") at ¶ 2, Exh. 1). In the same email, Plaintiff's counsel asked whether counsel for Defendant wanted to depose any of the witnesses. (*Id.*). Counsel for Defendant responded that the individuals listed had not been previously identified in Plaintiff's

[1] The deadline was continued for the sole purpose of allowing the depositions of two persons to go forward. (Dkt. 37).

initial disclosures or discovery responses, and that the discovery cutoff had passed, such that discovery could not be taken without leave of court. (*Id.*).

Nearly a month after this exchange, and months after both the discovery cutoff and the deadline for filing motions had passed, Plaintiff notified Defendant of her intention to file a motion to reopen discovery to "depose damages witnesses." (Karapetian Decl., ¶ 3, Exh. 2). Plaintiff seeks to investigate "facts pertaining to Plaintiff's emotional distress and mental anguish," which are injuries that Plaintiff alleged at the outset of this action. (*Id.*; Pl.'s Mot. to Reopen Discovery ("Mot.") at 4, Dkt. 51). Plaintiff seeks to depose seven witnesses, more than the total number of witnesses deposed during the discovery process that lasted over a year. (Mot. at 3:16–24).

## III. ARGUMENT

### A. Plaintiff Has Failed to Establish Good Cause to Reopen Discovery.

Under Rule 16 of the Federal Rules of Civil Procedure, courts must issue a scheduling order that limits, among other things, the time to complete discovery. Fed. R. Civ. P. 16(b). Once a scheduling order is entered, the schedule "may be modified only for good cause and with the judge's consent."[2] Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. S. Cal. Edison Co.*,

[2] Plaintiff argues that motions to reopen discovery are governed by Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure. However, courts more commonly apply Rule 16 when evaluating these motions. *See, e.g.*, *De Paz v. Wells Fargo Bank, N.A.*, 2020 WL 2404897, at *2–3 (C.D. Cal. 2020 Feb. 18, 2020) (applying Rule 16 to a motion to reopen discovery); *Classical Silk, Inc. v. Dolan Grp. Inc.*, 2016 WL 7637668, at *4 (C.D. Cal. Mar. 1, 2016) (same); *Galvan v. Duffie*, 2018 WL 10436581, at *2 (C.D. Cal. Aug. 27, 2018) (same). In either case, Plaintiff must establish good cause in order to reopen discovery. *See Clay v. Cytosport, Inc.*, 2016 WL 11523615, at *4 (stating that regardless of whether Rule 6 or Rule 16 applies, the court "is guided by the good cause standard").

302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). Other factors that courts consider include prejudice to the nonmoving party, whether the need for additional discovery was foreseeable, and the likelihood that the discovery will lead to relevant evidence. *See De Paz*, 2020 WL 2404897, at *2 (citing *United States v. Schumer*, 63 F.3d 1512, 1526 (9th Cir. 1995)).

1. *Plaintiff Has Not Acted Diligently*

"A party demonstrates good cause for the modification of a scheduling order by showing that, even with the exercise of due diligence, he or she was unable to meet the timetable set forth in the order." *Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaisha*, 218 F.R.D. 667, 671 (2003). Plaintiff has not made this showing. Discovery in this case was extended four times and was ongoing for over a year, yet Plaintiff made no effort to identify or depose the seven witnesses during that period. The only explanation Plaintiff provides for her delay is that "[t]he issue regarding damages witnesses only came to light during the preparation of trial documents." (Mot. at 3:17–18). This is perplexing, given that Plaintiff placed emotional distress damages at issue in her initial pleadings. (*See* Notice of Removal Ex. 5 ("FAC") ¶ 51). Moreover, Plaintiff's explanation is insufficient because it does not explain why Plaintiff was unable to identify these witnesses before the discovery cutoff, nor why Plaintiff was only able to identify the "issue regarding damages witnesses" once she began preparing for trial. *See Lawrence v. Turner's Outdoorsman Corp.*, 2012 WL 12957105, at *4–5 (C.D. Cal. June 1, 2012) (declining to reopen discovery where plaintiff provided no support for his claim that "the emergence of new facts" justified his request to reopen discovery).

The most likely explanation for Plaintiff's delay is that Plaintiff simply failed to build her case concerning emotional distress damages, did not consider emotional distress damages vital to her case at the outset, and did not realize this error until the Court ruled on Defendant's motion for summary judgment. Error does not establish good cause sufficient to reopen discovery. *See Johnson*, 975 F.2d at 609

("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."); *De Paz*, 2020 WL 2404897, at *3 (denying a motion to reopen discovery where plaintiff failed to provide evidence that she diligently sought the relevant discovery and failed to "explain why [she] was unable to ascertain she would need additional discovery that she now realizes she needs"); *Classical Silk*, 2016 WL 7637668, at *4 ("Defendants have cited no authority to suggest that they may obtain additional discovery simply because they are now aware of their own strategic error.").

Moreover, Plaintiff filed this motion over four months after the discovery deadline had passed. Even if Plaintiff somehow learned new facts through the discovery process that necessitated additional discovery, Plaintiff fails to explain why it took over four months to move to reopen discovery. *See Strategic Executives Agency, LLC v. Avalere Health, LLC*, 2020 WL 4354228, at *7 (C.D. Cal. May 29, 2020) (finding that a three-month delay in bringing a request to reopen discovery "hardly demonstrates diligence"); *Oxford St. Props. LLC v. Robbins*, 2011 WL 13214043, at *2 (C.D. Cal. Nov. 30, 2011) (finding a lack of diligence where, even if defendant learned of a potential counterclaim late in the discovery period, defendant failed to explain his months' long delay in moving to amend his complaint). Plaintiff did not even notify Defendant of her intention to file this motion until almost a month after *Defendant* alerted Plaintiff to the fact that these witnesses could not be deposed without leave of court.

In short, courts simply do not allow a party to reopen discovery where, as here, the party provides no explanation as to why it was unable to conduct the discovery sooner. Plaintiff fails to explain what new information "came to light" that would justify Plaintiff's failure to pursue discovery on damages that she has claimed since the beginning of this Action. Accordingly, the Court should not reward Plaintiff for her lack of diligence.

2. *The Evidence Plaintiff Seeks Should Be Excluded Under Rule 37*

The majority of Plaintiff's motion is devoted to explaining why Plaintiff failed to previously identify the seven witnesses it now seeks to depose. Plaintiff argues that Rule 26 of the Federal Rules of Civil Procedure does not require parties to identify witnesses who have discoverable information as to damages only. (*See* Mot. at 2:26–3:3). Further, Plaintiff reasons that Defendant should have assumed that Plaintiff was going to have lay witnesses testify as to Plaintiff's emotional distress, and Defendant should have specifically requested the identity of those witnesses. This argument runs contrary to both Rule 26 and common sense.

Rule 26 requires a party to disclose information for "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Damages are a necessary element for at least one of Plaintiff's remaining claims. *See Holmes v. Gen. Dynamics Corp.*, 17 Cal. App. 4th 1418, 1427 n.8 (1993) (holding that establishing a claim for wrongful termination in violation of public policy requires plaintiff to show "the nature and extent" of its damages and that those damages were caused by the termination). Therefore, Rule 26 requires Plaintiff to disclose witnesses she may use with damages information because that information would "support [Plaintiff's] claim." Fed. R. Civ. P. 26. To narrow Rule 26 in the manner Plaintiff suggests would "promote undue delay and gamesmanship in the discovery process, and is therefore prohibited." *Alfano v. Nat'l Geographic Channel*, 2007 WL 2982757, at *2 (E.D.N.Y. Oct. 5, 2007) (citing Fed. R. Civ. P. 1). Further, it defies common sense that Rule 26, which is intended to expedite discovery and promote transparency in the fact-finding process, would *specifically* exclude the identification of witnesses who would shed light on a plaintiff's damages. *See Hickman v. Taylor*, 329 U.S. 495, 501 (1947) ("The various instruments of discovery now serve . . . as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues."). This is especially true given that most employment

litigation, and indeed civil litigation, is centered around the issue of a plaintiff's damages.

Because Plaintiff failed to comply with the duty to disclose potential witnesses under Rule 26, the testimony of these seven witnesses should be excluded. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *Commodity Futures Trading Comm'n*, 2022 WL 2079322, at *3 (declining to reopen discovery to allow for the deposition of an individual who was not identified as a potential witness at any point prior to the close of fact discovery or in the lead up to trial). Thus, the Court should not reopen discovery to allow Plaintiff to obtain evidence that would be excluded under Rule 37 in any event.

3. *Defendant Would Be Prejudiced if Discovery Were Reopened at this Late Stage*

While the moving party's diligence is the main factor when considering a motion to reopen discovery, "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion." *Johnson*, 975 F.2d at 609. Here, Defendant would be prejudiced should it be forced to halt its trial preparations for seven depositions about an issue that Plaintiff should have raised at the outset of this case.

Reopening discovery to allow these depositions would prejudice Defendant because doing so would make it necessary for Defendant to also depose these witnesses, prepare new arguments related to Plaintiff's claims of emotional distress, and incur additional expenses related to these efforts. *See JIPC Mgmt., Inc. v. Incredible Pizza Co., Inc.*, 2010 WL 11515198, at *7 (C.D. Cal. Jan. 26, 2010) (finding that prejudice to defendants warranted denial of motion to reopen discovery

where plaintiff sought to depose six additional witnesses, which would force defendants to incur additional expenses).

Most importantly, Defendant would be prejudiced if discovery were to be reopened because doing so would significantly delay trial. *See De Paz*, 2020 WL 2404897, at *3 (finding prejudice where reopening discovery would cause delay and increased costs); *JIPC Mgmt., Inc.*, 2010 WL 11515198, at *7 (finding prejudice where taking an additional six depositions about two months before trial would likely cause delays). While Plaintiff refers to her emotional distress damages as a "discrete issue," introducing this new evidence apparently requires more witnesses than the rest of Plaintiff's case combined. Moreover, Plaintiff fails to specify the intended subject matter of each of the seven depositions and provides no explanation of why each deposition is necessary.

This Action has been ongoing for over two years, and there have been a total of seven continuances already granted. Yet now, with less than three months to trial, Plaintiff seeks discovery on an issue she should have pursued at the outset of this case. Allowing discovery on Plaintiff's claims of emotional distress would introduce new facts and legal issues into the case, which would prejudice Defendant this close to trial. *See Zencheng Xintand v. Komex, Int'l, Inc.*, 2014 WL 12886678, at *2 (C.D. Cal. May 30, 2014) (finding prejudice where a dispute had been pending for almost two years, the discovery cut-off had been extended once, and the relief sought would "change the case" and risk undue delay). Reopening discovery would force Defendant to bear additional expense and delay, which is further reason to deny Plaintiff's motion.

## IV. CONCLUSION

Discovery was ongoing in this matter for over a year, yet Plaintiff waited until four months after the discovery cutoff to seek information that she should have known she needed from the outset of this case. Based on Plaintiff's lack of diligence, Plaintiff's violation of its Rule 26 disclosure duties, and the prejudice that Defendant

would suffer by reopening discovery, and Defendant respectfully requests that the Court deny Plaintiff's motion.

K&L GATES LLP

Dated: November 7, 2022

By: */s/ Vannie Karapetian*
Christopher J. Kondon
Saman Rejali
Vanuhi Karapetian

Attorneys for Defendant LABORATORY CORPORATION OF AMERICA